# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

WALTER GIBBS,                           :
                                        :
                   Plaintiff,           :        NO. 3:05cv563 (MRK)
                                        :
v.                                      :
                                        :
AMERICAN SCHOOL                         :
FOR THE DEAF,                           :
                                        :
                   Defendant.           :

## RULING AND ORDER

Plaintiff Walter Gibbs sues Defendant American School for the Deaf (ASD) for alleged retaliation, race discrimination, and disability discrimination.  ASD terminated Plaintiff's employment on October 29, 2002.  Plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities (CCHRO) on January 24, 2003, and cross-filed with the United States Equal Employment Opportunity Commission (EEOC).  On July 1, 2004, Plaintiff amended his original CCHRO complaint to add a claim under the Americans with Disabilities Act (ADA).  ASD answered this amended complaint and filed special defenses arguing that Plaintiff's claims were barred by the applicable statutes of limitations.  The CCHRO granted Plaintiff's request for release in a letter that was received on January 5, 2005.

Plaintiff filed this lawsuit on April 4, 2005.  Complaint [doc. #1].  In this action, Plaintiff raises the following claims: (1) racial discrimination in violation of Title VII; (2) discrimination in violation of 42 U.S.C. § 1981; (3) violation of the ADA; (4) violation of Connecticut anti-discrimination law; and (5) intentional infliction of emotional distress.  Before the Court is ASD's Motion to Dismiss [doc. #9].  For the reasons that follow, the motion is GRANTED in part and

DENIED in part.

ASD argues that Plaintiff's lawsuit is time-barred because it was not filed within two years of the date of Plaintiff's original CCHRO complaint, in violation of Conn. Gen. Stat. § 46a-102, which provides that "[a]ny action brought in accordance with section 46a-100 [providing a cause of action under Connecticut anti-discrimination law] shall be brought within two years of the date of filing of the complaint with the commission . . . ." Crucial to this argument is ASD's claim that when deciding whether this case was brought within two years of Plaintiff's CCHRO complaint, it is Plaintiff's original complaint – not his amended complaint – that matters. As ASD puts it in its brief, "Gibbs' original CCHRO complaint is controlling for statutes of limitations purposes because the allegations set forth in the amended CCHRO complaint relate back to the allegations set forth in the original CCHRO complaint." Memorandum of Law in Support of Defendant's Motion to Dismiss [doc. #9-2] at 8. This distinction is important because the original complaint was filed on January 24, 2003, *over two years* before this lawsuit was filed on April 4, 2005. The amended complaint, however, was filed on July 1, 2004, *within two years* of the present suit.

Rather than dispute this point, Plaintiff concedes that the date of his original CCHRO complaint controls, and agrees that his fourth cause of action based on a violation of Connecticut anti-discrimination law is time-barred under Conn. Gen. Stat. § 46a-102. The Court agrees and therefore grants Plaintiff's Motion to Dismiss insofar as it seeks dismissal of Count Four.

However, Plaintiff argues that the other causes of action should not be dismissed as time-barred. In particular, Plaintiff asserts that Count One (under Title VII) is not barred because Plaintiff brought suit within ninety days after he received the release-of-jurisdiction letter, as required by 42 U.S.C. § 2000e-5(f)(1). Count Two (under § 1981) is not barred because the three-year statute

of limitations for state-law torts applies, and this suit was brought within three years of Plaintiff's firing.  Count Five (intentional infliction of emotional distress) is not barred because suit was brought within the three-year statute of limitations.  ASD offers no reply to these arguments.  The Court agrees with Plaintiff and therefore will not dismiss these counts as time-barred.

That leaves Count Three (under the ADA), which Plaintiff claims is not barred because it was filed within 180 days of the alleged discrimination, as required by 42 U.S.C. § 2000e-5(e)(1). Plaintiff acknowledges that his amended complaint, in which he first raised his ADA claim, was not filed within 180 days of the alleged discrimination, as ASD argues.  However, Plaintiff argues that for purposes of the statute of limitations, his amended complaint – which concerns the same events and conduct asserted in his original complaint –  relates back to his original EEOC complaint, and that original complaint was filed within the 180-day limit.  Of course, that is precisely the argument that ASD made in its attempt to dismiss Count Four, and which the Court has now accepted.  Indeed, ASD would be estopped from contesting this point by the arguments in its own motion to dismiss. *See Zipes v. Trans World Airlines, Inc.*,  455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). In any event, because the original complaint was filed within 180 days of the alleged discrimination and Plaintiff's ADA claim involves the same conduct that was the subject of his original complaint, Plaintiff's ADA claim relates back to his original complaint and it is, therefore, not time-barred. *See* 29 C.F.R. § 1601.12(b) ("A charge may be amended to . . . clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate

3

back to the date the charge was first received."); *Nesemeier v. Commonwealth Land Title Ins. Co.*, No. 03-1971, 2004 WL 2070825, at *4-5 (D.D.C. Sept. 10, 2004) (applying the relation-back doctrine to an ADA complaint), *Ihekwu v. City of Durham*, 129 F. Supp. 2d 870, 886 (M.D.N.C. 2000) (finding that plaintiff's harassment claim related back to the date of his original EEOC complaint, though finding that complaint time-barred for other reasons).

Accordingly, the Court GRANTS in part and DENIES in part ASD's Motion to Dismiss [doc. #9]. The motion is granted with respect to Count Four of Plaintiff's complaint, which is dismissed, and the motion is denied with respect to all other counts.


IT IS SO ORDERED,


/s/ _____Mark R. Kravitz_____
United States District Judge


**Dated at New Haven, Connecticut on: January 19, 2006.**

4