# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WALTER GIBBS, | : | |
| Plaintiff, | : | NO. 3:05cv563 (MRK) |
| v. | : | |
| AMERICAN SCHOOL FOR THE DEAF, | : | |
| Defendant. | : | |

## RULING AND ORDER

Currently pending before the Court are two motions: Plaintiff's Motion for Extension of Deposition [doc. # 44] and Plaintiff's Motion to Compel Disclosure [doc. # 42]. The Court GRANTS both motions under terms set forth below.

In his Motion for Extension of Deposition, Plaintiff seeks to extend the deposition of Christopher Reynolds for an additional nine hours, having already taken Mr. Reynolds' deposition for approximately seven and one-half hours. Defendant opposes the motion and asks that the deposition be terminated or that Plaintiff be limited to an additional four and one-half hours only.

Rule 30(d)(2) of the *Federal Rules of Civil Procedure* states that "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." Fed. R. Civ. P. 30(d)(2). However, Rule 26(b)(2)(A) permits a court to "alter the limits in these rules on the . . . length of depositions under rule 30." *Id.* 26(b)(2)(A). As Plaintiff notes, the deposition of Mr. Reynolds was slowed down and interrupted because of the need to use sign language interpreters. Accordingly, Plaintiff is entitled to additional time with Mr. Reynolds. The Court will, therefore, grant Plaintiff's motion, but not for the nine hours requested. Rather, Plaintiff may take Mr. Reynolds' deposition for an additional seven hours only. Because Mr. Reynolds is no longer

employed with Defendant, Plaintiff's counsel must cooperate in scheduling Mr. Reynolds' deposition for time when it will be the least disruptive for Mr. Reynolds, including conducting two three and one-half hour sessions in the evening or one seven-hour deposition on a weekend.

In his Motion to Compel Disclosure, Plaintiff seeks the social security number and date of birth of Dudley Tuttle. Both sides agree that Mr. Tuttle has relevant and important information regarding this case. Both Defendant and Plaintiff have tried to locate Mr. Tuttle but without success. Plaintiff believes that with Mr. Tuttle's social security number and date of birth, his investigator will be able to locate Mr. Tuttle. Plaintiff is willing to obtain the information under the terms of an appropriate protective order.

Defendant's only objection to disclosing Mr. Tuttle's information is based upon Conn. Gen. Stat. § 31-128f, which Defendant claims bars the disclosure of that information absent Mr. Tuttle's consent. Defendant is not correct. Section 31-128f allows for disclosure of "individually identifiable information contained in the personnel file . . . of any employee . . . where the disclosure is made: . . . (2) pursuant to a lawfully issued administrative summons or *judicial order* . . . ." Conn. Gen. Stat. § 31-128f(2) (emphasis added).[1] Judges in this District have repeatedly recognized that when personnel information–such as that requested regarding Mr. Tuttle–is necessary and relevant to a case, a court may order limited disclosure of that information consistent with the dictates of § 31-128f. *See, e.g., Cost Mgmt. Incentives, Inc. v. Theradex Sys., Inc.*, No. 3:06cv203 (PCD), 2007 WL 906165 (D. Conn. Mar. 21, 2007); *Ruran v. Beth El Temple of W. Hartford, Inc.,* 226 F.R.D. 165, 169 (D. Conn. 2005); *Culkin v. Pitney Bowes, Inc.*., 225 F.R.D. 69, 73 (D. Conn. 2004). *See also*

---

[1] The parties dispute whether Mr. Tuttle was ever an employee of Defendant. The Court need not and does not resolve that issue.

*State v. Januszewski*, 182 Conn. 142, 173 (1980) (a court may order disclosure of personnel information after considering the legitimate need for it and the potential harm from disclosure); *NBA Props., Inc. v. Untertainment Records, LLC*, No. 99 CIV. 2933(HB)(DF), 1999 WL 1103006 (S.D.N.Y. Dec. 6, 1999) (permitting disclosure of social security number when parties had been unable to locate witness without it).

Here, the parties have exhausted all other means of locating Mr. Tuttle without using his social security number and date of birth. And the parties agree that Mr. Tuttle has critical information regarding this case. Therefore, the Court will order Defendant to disclose to counsel for Plaintiff and his investigator Mr. Tuttle's social security number and date of birth. However, they may use such information solely for purposes of locating Mr. Tuttle. Furthermore, if they locate Mr. Tuttle, Plaintiff's counsel must immediately notify Defendant of Mr. Tuttle's location and contact information.

                                            IT IS SO ORDERED,

                                      /s/      Mark R. Kravitz
                                              United States District Judge

**Dated at New Haven, Connecticut: <u>April 3, 2007</u>**.